1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  BONNY FRANKLIN, GAIL GRIEGO,        No.  2:13-cv-00790 JAM-AC
    MICHAEL MARCOS, AND WILLIAM
12  PEREIRA, individually and on
    behalf of the general public,
13                                      **ORDER GRANTING DEFENDANT'S**
                Plaintiffs,             **MOTION TO STAY**
14
           v.
15
    PROSPECT MORTGAGE, LLC,
16
                Defendant.
17

18       This matter is before the Court on Defendant Prospect

19  Mortgage, LLC's ("Defendant") Motion to Stay This Action Pending

20  Decision on Transfer (Doc. #12).  Plaintiffs Bonny Franklin, Gail

21  Griego, Michael Marcos, and William Pereira (collectively

22  "Plaintiffs") oppose the motion (Doc. #19) and Defendant replied

23  (Doc. #20).[1]  For the reasons set forth below, Defendant's motion

24  is GRANTED.

25  ///

26

27  ───────────────────────
    [1] This motion was determined to be suitable for decision without
28  oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
    for October 9, 2013.

                               1

1       I.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2      Plaintiffs filed this action on April 23, 2013, against

3 Defendant (Doc. #1).  In the complaint, Plaintiffs allege two

4 causes of action: the first for failure to pay overtime

5 compensation in violation of the Fair Labor Standards Act, 29

6 U.S.C. § 201, et seq., and the second for violation of California

7 Business and Professions Code §§ 17200 et seq. Comp. ¶¶ 12-24.

8      Plaintiffs were opt-in plaintiffs in a collective action in

9 the Eastern District of California, Sliger, et al. v. Prospect

10 Mortgage, LLC, et al., No. 2:11-CV-00465 (E.D. Cal.) ("Sliger

11 action").  Id. ¶¶ 7-12.  The Sliger action was conditionally

12 certified, but subsequently decertified by stipulation of the

13 parties on January 23, 2013.  Id. ¶ 12.

14      On August 16, 2013, Defendant filed a Motion for Transfer of

15 Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or

16 Consolidated Pretrial Proceedings before the United States

17 Judicial Panel on Multidistrict Litigation ("JPML").  Declaration

18 of Timothy B. Nelson, Doc. #12-1, at ¶ 16.  Defendants seek to

19 have this matter, as well as 36 other similar matters filed in

20 different district courts across the country, transferred to the

21 Northern District of Illinois for coordinated or consolidated

22 pretrial proceedings.  Id.  Defendant now seeks to stay this

23 action in its entirety pending a determination by the JPML of its

24 motion to consolidate ("MDL Motion").  Mot. at 3.

25

26           II.   OPINION

27   A.   Legal Standard

28      A district court has discretionary power to stay proceedings

1    in its own court.  <u>Landis v. N.A. Co.</u>, 299 U.S. 248, 254-55

2    (1936).  "This is best accomplished by the 'exercise of judgment,

3    which must weigh competing interests and maintain an even

4    balance.'"  <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1360

5    (C.D. Cal. 1997) (quoting <u>Landis</u>, 299 U.S. at 254-55).  The

6    decision to grant or deny a stay of proceedings pending a ruling

7    on the transfer of a matter to the JPML lies within the court's

8    discretion.  <u>Conner v. AT&T</u>, CV F 06-0632 AWI DLB, 2006 WL

9    1817094, at *3 (E.D. Cal. June 30, 2006) (citing <u>Good v.</u>

10   <u>Prudential Ins. Co. of Am.</u>, 5 F. Supp. 2d 804, 809 (N.D. Cal.

11   1998)).  "To determine whether a stay is appropriate, the court

12   should balance the competing interests of the moving and non-

13   moving parties."  <u>Id.</u> (citing <u>Rivers</u>, 980 F. Supp. at 1360).  In

14   addition, "[t]he Court should consider both the interest of

15   judicial economy and the potential prejudice or hardship to the

16   parties."  <u>Id.</u>

17         In the context of a motion to stay proceedings pending a

18   decision from the JPML, Rule 2.1(d) of the Rules of the Judicial

19   Panel on Multidistrict Litigation provides as follows:

20         The pendency of a motion, order to show cause,
         conditional transfer order or conditional remand order
21         before the Panel concerning transfer or remand of an
         action pursuant to 28 U.S.C. § 1407 does not affect or
22         suspend orders and pretrial proceedings in the
         district court in which the action is pending and does
23         not in any way limit the pretrial jurisdiction of that
         court.
24

25   J.P.M.L. R. 2.1(d).  Therefore, the Court "should not

26   automatically stay discovery, postpone rulings on pending

27   motions, or generally suspend further rulings upon a parties'

28   motion to the MDL Panel for transfer and consolidation."  <u>Perry</u>

1 v. Luu, 1:13-CV-00729-AWI, 2013 WL 3354446, at *3 (E.D. Cal. July

2 3, 2013) (citing Rivers, 980 F. Supp. 1358, 1360, and J.P.M.L. R.

3 2.1(d)).

4    B.   Judicial Notice

5    Defendant requests judicial notice of four court documents.

6 See Defendant's Request for Judicial Notice, Doc. #22, at 2.

7 Under Federal Rule of Evidence 201(b), courts may take judicial

8 notice of the existence of pleadings and court orders that are

9 matters of public record, but may not take notice of the truth of

10 the facts asserted within them.  Burnham v. Ruan Transp., SACV

11 12-0688 AG ANX, 2013 WL 4564496, at *2 (C.D. Cal. Aug. 16, 2013)

12 (citing MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.

13 1986)).  Accordingly, the Court grants Defendant's request.

14    C.   Discussion

15    Defendant argues that (1) a stay would conserve judicial

16 resources, (2) a temporary stay would not prejudice Plaintiffs,

17 and (3) Defendant would be prejudiced if a stay is not granted.

18      1.   Judicial Economy

19    Plaintiffs argue that a stay would not conserve judicial

20 resources because they do not ask Defendant to engage in

21 duplicative discovery, they are willing to arrive at a reasonable

22 solution if the issue arises, and individualized discovery will

23 still be necessary in this case.  Opp. at 6.  In the Reply,

24 Defendant argues that Plaintiffs have served Defendant 21 nearly

25 identical and duplicative discovery requests without presenting

26 any workable plan.  Reply at 3 n.1.  Consequently, duplication

27 has already occurred.  Therefore, as Defendants argue, a stay

28 would promote judicial economy because the same judge should hear

all discovery issues, case management and scheduling, and motions
once the transfer has taken place. Mot. at 7. Because a
temporary stay would promote judicial economy and efficiency by
preventing any possible duplicative efforts by this Court, the
judicial economy factor weighs in favor of granting the stay.

### 2.   Prejudice to Plaintiffs

Plaintiffs argue that a stay would prejudice them because it
delays their suit. Opp. at 5. Defendant argues that a delay
would be minimal and not burden Plaintiffs because they have not
diligently pursued their claims, indicating that Plaintiffs did
not file this action until six months after the Sliger
decertification and they took another month to serve Defendant
the complaint. Mot. at 8. In addition, there has not been a
significant amount of activity in this case. Therefore, the
Court finds that Plaintiffs will not be prejudiced by the delay.

### 3.   Prejudice to Defendant

Defendant argues that it would be prejudiced by being forced
to proceed in duplicative and costly discovery and motion
practice in multiple courts, with a possibility of being subject
to inconsistent rulings, if a stay is not entered. If a stay is
not granted, Defendant would be subject to hardship because it
would be faced with duplicative depositions of witnesses that may
have relevant information in all of the actions, such as
Defendant's corporate witnesses. Although individual discovery
will still have to be conducted in this case, a stay would allow
Defendant to limit duplication. Therefore, the Court finds that
all the factors weigh in favor of granting a stay.

1          4.    Other District Courts

2       Both parties have presented to the Court decisions from

3  district courts across the nation either denying or granting a

4  stay.  Opp. at 2; Reply 9-10; Notices of Supplemental Authority,

5  Doc. ##24-28.  By granting a stay, the Court agrees with all the

6  courts that have granted a stay under similar circumstances.  See

7  e.g., Avants v. Prospect Mortgage, LLC, No. 13-cv-0376 WJ-KBM

8  (D.N.M. Oct. 9, 2013)(Ex. A to Def.'s Supplemental Authority,

9  Doc. #26); Bauer, et al. v. Prospect Mortgage, LLC, No. 13-cv-

10 00190 EJL (D. Idaho Oct. 23, 2013)(Ex. E to Def.'s Supplemental

11 Authority, Doc. #27).

12

13                     III.   ORDER

14      For the reasons set forth above, the Court GRANTS

15 Defendant's Motion for a Stay.

16      IT IS SO ORDERED.

17 Dated: December 6, 2013        _____

18                               JOHN A. MENDEZ,
                                 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                              6